IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JESSIE JAMES ASKEW, JR., : | |
| : | |
| Petitioner, : | |
| : | CASE NO. 5:13-CV-55-MTT-MSH |
| vs. : | 28 U.S.C. § 2254 |
| : | |
| FRED BURNETTE, WARDEN, : | |
| : | |
| Respondent. : | |

## **REPORT AND RECOMMENDATION**

Presently pending before the Court is Respondent's Motion to Dismiss Plaintiff's petition for habeas relief as untimely. (ECF No. 7.)[1] For the reasons described below, Respondent's motion should be granted and Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be dismissed as untimely.

## **BACKGROUND**

On January 30, 1998, in the Superior Court of Houston County, Petitioner was found guilty of armed robbery, three counts of kidnapping, three counts of aggravated assault, and three counts of possession of a firearm during the commission of a crime. (Pet. for Writ of Habeas Corpus 1, ECF No 1.) Petitioner states that he was sentenced to life without parole for the crimes on March 3, 1998. *Id*.

Petitioner timely appealed his conviction, and on February 15, 2002, the Georgia

---

[1] Respondent's motion was previously denied due to the failure to file the necessary exhibits. (*See* Order, July 31, 2013, ECF No. 10.) Because Respondent has now filed the exhibits, and Petitioner has not contested reopening the motion, the Court will now readdress Respondent's motion.

Court of Appeals affirmed Petitioner's convictions. *Askew v. State*, 254 Ga. App. 137 (2002). The Georgia Court of Appeals denied Petitioner's motion for reconsideration on March 7, 2002 and the Georgia Supreme Court denied certiorari on July 15, 2002. (*Id*.) Petitioner did not appeal his conviction to the United States Supreme Court before the 90 day deadline following the Georgia Supreme Court's denial of certiorari. (Pet. 3.)

Petitioner then filed an Application for Writ of Habeas Corpus with the Telfair County Superior Court on July 1, 2008. (Resp't's Ex. 1, ECF No. 12-1.) That application was denied by final order on December 12, 2011, following which Petitioner filed an Application for Certificate of Probable Cause to Appeal in the Georgia Supreme Court which was denied on October 15, 2012. (Resp't's Exs. 2&3.) The current action was thereafter filed on February 13, 2013.

## DISCUSSION

### I. The AEDPA limitations period

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. "The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the . . . overloading of our federal criminal justice system, produced by various aspects of this Court's habeas corpus jurisdiction." *Hohn v. United States*, 524 U.S. 236, 264-65 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of

>habeas corpus by a person in custody pursuant to the judgment of a State court.
>
>. . .
>
>(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).   Under the statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."   28 U.S.C. § 2244(d)(1)(A).   Thus, in order to determine whether a petition was timely filed, the Court "must determine (1) when the [collateral] motion was filed and (2) when [the] judgment of conviction became final."   *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009) (internal quotation marks and citation omitted) (alterations in original).

## II.     Timeliness

Respondent argues that Petitioner's application for habeas relief pursuant to 28 U.S.C. § 2254 is untimely and should be dismissed.   (ECF No. 7.)   Respondents show the court that under § 2254, Petitioner's conviction became "final" 90 days after the Georgia Supreme Court denied his petition for a writ of certiorari on July 15, 2002, because the time had then expired for him to petition for a writ of certiorari to the Supreme Court of the United States.   (Resp't's Br. in Supp. of Mot. to Dismiss Pet. as Untimely 4-5, ECF No. 7-1.)   Therefore, Petitioner's one-year limitations period began to run on October 13, 2002 and expired on October 12, 2003.   Petitioner's petition for a writ of habeas corpus in Telfair County was not filed until July 1, 2008, over four and a half years after the one-year

3

limitations period expired.  Because the limitations period had already expired, the state collateral attack did not toll its effects.  *See* 28 U.S.C. § 2244(d)(2); *Webster v. Moore*, 199 F.3d 1256, 1299 (11th Cir. 2000) (explaining that "[a] state court petition . . . that is filed following the expiration of the limitations period cannot toll [the AEDPA] period because there is no period remaining to be tolled").  Petitioner's petition was thus filed outside the AEDPA statute of limitations and should be dismissed as untimely.

Petitioner has not responded to Respondent's motion, but did address the issue of § 2254(d)'s bar within his Petition.  He does not contest any of the dates or facts underlying Respondent's motion, but instead argues that his attorney, who was hired in August 2002, assured him numerous times that the AEDPA statute of limitations "wouldn't affect him and that there would be a way around it, if a problem were to arise."  (Pet. 14.)  Petitioner specifically states that he knew the limitations period was running on his ability to file a federal habeas action, but he put his faith in his attorney and her assurances that she was the "one schooled in law" and not Petitioner.  (*Id.*)  Petitioner's attorney waited nearly six years from the date she was first hired to file the state habeas action, thereby allowing the federal limitations period to run.  (*Id.*)  Petitioner essentially argues for equitable tolling of the statute based on his attorney's incompetent handling of his post-conviction collateral challenges.

In *Holland v. Florida*,[2] the United States Supreme Court held that the AEDPA limitations period is subject to equitable tolling.  560 U.S. at 645.  However, equitable tolling requires the petitioner show "(1) that he has been pursuing his rights diligently, and

---

[2] *Holland v. Florida*, 560 U.S. 631 (2010).

4

(2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 649 (quotation marks omitted). As to the first prong, the Court stated that only "reasonable diligence . . . not maximum feasible diligence" is required. *Id*. at 653. As to the second prong, the Court held that typically "a petitioner must bear the risk of attorney error," but this is subject to some limits where the attorney's "professional misconduct" could "amount to egregious behavior and create an extraordinary circumstance that warrants equitable tolling." *Id*. at 650-51. However, "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Id*. at 651-52 (internal quotation marks and citations omitted). The Court suggested that the lawyer's actions there, in failing to inform the client of the status of his case and failing to communicate with the client over a period of years despite pleas for information from the client, might be sufficient to warrant equitable tolling, but remanded the case back to the court of appeals for that determination. *Id*. at 652-53.

In *Maples v. Thomas*,[3] decided only eighteen months later, the Supreme Court discussed the *Holland* decision and noted that the holding was based, in part, on a distinction between "attorney error, however egregious, and a claim that an attorney had essentially abandoned his client." 132 S. Ct. at 923. The Court reaffirmed that "when a petitioner's postconviction attorney misses a filing deadline, the petitioner is bound by the oversight and cannot rely on it to establish cause." *Id.* at 922. However, "under agency principles, a client cannot be charged with the acts or omissions of an attorney who has

---

[3] *Maples v. Thomas*, __ U.S. __, 132 S. Ct. 912 (2012).

abandoned him. Nor can a client be faulted for failing to act on his own behalf when he lacks reason to believe his attorneys . . . are not representing him." *Id*. at 924.

The Eleventh Circuit later discussed the effect of the *Maples* decision on the "extraordinary circumstance" question in *Cadet v. Fla. Dept. of Corr.*, __ F.3d __, No. 12-14518 (11th Cir. 2014). The court there, citing *Maples*, found that "attorney negligence, however gross or egregious, does not qualify as an extraordinary circumstance for purposes of equitable tolling; abandonment of the attorney-client relationship, such as may have occurred in *Holland*, is required." *Id*. at *8 (internal quotation marks and citation omitted). The court found that the inquiry should be whether, under traditional agency principles, a petitioner's attorney has abandoned him such that he should not be charged with the acts or omissions of his attorney. "Abandonment, which *Maples* made the standard, denotes absolute renunciation or withdrawal, or a complete rejection or desertion of one's responsibilities, a walking away from a relationship." *Id*. at *10.

The petitioner in *Cadet* claimed that his attorney effectively abandoned him "by failing to follow [his] instructions to file a § 2254 petition on time, by repeatedly reassuring [him] that [the attorney's] understanding of the federal filing deadline was correct . . . and by not conducting any legal research to determine the proper filing date when [the client] expressed doubts." *Id*. at *8. The court compared the actions of the attorney in *Cadet* (failing to file a federal habeas petition in time, but responding to client's inquiries and concerns, sending copies of court documents, and eventually filing a petition) with those of the attorney in *Holland* (failing to keep the client informed or communicate for years) and *Maples* (completely deserting the client without notice but failing to withdraw as counsel)

6

and found that all of the failures by counsel in *Cadet*, while certainly negligent, do not constitute abandonment. *Id*. at *10.

Based on Petitioner's filing, he has not shown sufficient "extraordinary circumstances" to warrant equitable tolling.[4]  *See Hutchinson v. Fla.*, 677 F.3d 1097 (11th Cir. 2012) (stating that the burden of showing a right to equitable tolling is on petitioner). Petitioner states that his parents hired an attorney after his conviction was affirmed to assist with post-conviction proceedings. (Pet. 13.) He argues that he specifically asked her about the AEDPA statute of limitations but was assured that it was not a concern, even after multiple inquiries. (*Id*. at 14.) Nevertheless, Petitioner's attorney waited over six years to file his state habeas petition. (*Id.*) Petitioner also states that his attorney did not inform him that the certificate of probable cause to the Georgia Supreme Court for his state habeas petition had been denied until over thirty days after the order and after he requested the information. (*Id*.) These facts, Petitioner argues, are sufficient to warrant equitable tolling. The Court disagrees.

Petitioner's contentions do not rise to the level of abandonment as required by the Eleventh Circuit in *Cadet*. The actions of Petitioner's counsel are nearly identical to the attorney in *Cadet*, discussed above. Neither rises to the level of constructive abandonment that the Supreme Court detailed in *Holland* or *Maples*. Therefore, Petitioner has not made the requisite showing for equitable tolling of the AEDPA statute of limitations on his federal habeas petition. As found above, Petitioner's petition is

---

[4] Because the Court finds that Petitioner has not shown the requisite "extraordinary circumstances," it does not consider the requirement that Petitioner have "diligently" pursued his rights.

untimely and Respondent's motion to dismiss should therefore be granted.

### III.   Certificate of Appealability

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability may issue only if the applicant makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies a habeas petition on procedural grounds without reaching the merits of the petitioner's application for habeas relief, this standard requires a petitioner to demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000).  Petitioner cannot meet this standard and, therefore, a certificate of appealability in this case should be denied.

### CONCLUSION

For the reasons described above, Respondent's Motion to Dismiss (ECF No. 7) should be GRANTED and Petitioner's action should be dismissed as untimely.  Since Petitioner cannot meet the requisite standard, a certificate of appealability should be denied.  Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 5th day of March, 2014.

/s/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE